UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVON NELSON,<br><br>Defendant. | No. 2:25-cr-00026-TLN<br><br><br>**ORDER** |

This matter is before the Court on the Government's Motion to Stay and Motion to Revoke the Magistrate Judge's Order Authorizing Defendant Devon Nelson's ("Defendant") Pretrial Release. (ECF Nos. 25, 26.) For the reasons set forth below, the Court GRANTS the Government's motion to revoke and DENIES the motion to stay as moot.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged in the Complaint with distribution of at least 400 grams of a mixture and substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1.) On January 29, 2025, Defendant made his initial appearance. (ECF No. 18.) On January 30, 2025, the magistrate judge held a detention hearing and ordered Defendant released on a $50,000 unsecured bond and Pretrial Services supervision, including a special condition of home confinement. (ECF No. 18.) The magistrate judge ordered Defendant to be released at 9:00 a.m. on January 31, 2025. (*Id.*) On January 31, 2025, at approximately 8:30 a.m., the Government filed a motion to stay the release order and a motion to revoke the release order. (ECF Nos. 22, 23.) The Government filed amended motions after 9:00 a.m. (ECF Nos. 25, 26.) The Court was notified Defendant was released from federal custody and transferred to state custody prior to the Court's ruling on these motions. However, the Court has obtained and reviewed the recording of the detention hearing held before the magistrate judge.[1] The Court has conducted a *de novo* review of the Government's motion to revoke.

## II. STANDARD OF LAW

"If a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). Under this provision, the district court conducts its own *de novo* review of the magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

Under the Bail Reform Act, courts may detain a defendant prior to trial only where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When the Government seeks pretrial

---

[1] The Court obtained the recording from its Electronic Court Reporter Operator ("ECRO") system.

detention, it must establish by a clear preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *see also* 18 U.S.C. § 3142(f). In determining whether the Government has met its burden, courts consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

"Doubts regarding the propriety of release should be resolved in favor of the defendant." *Motamedi*, 767 F.2d at 1405; *see also United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). Further, a court must release the defendant from pretrial detention under the least restrictive condition or combinations of conditions that will reasonably assure the appearance of the person and safety of the community. *Motamedi*, 767 F.2d at 1405.

### III.    ANALYSIS

The Government argues Defendant is a recidivist and violent gang member with a documented history of violating court supervision. (ECF No. 26 at 4.) Therefore, the Government argues the presumption in favor of detention is supported by clear and convincing evidence of the danger Defendant poses to the community. (*Id.*)

At the outset, it is undisputed that there is a rebuttable presumption in this case that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). While the burden of production shifts to Defendant, the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If the Court finds Defendant has proffered evidence to rebut the presumption of dangerousness and flight, the Court then considers four factors in determining whether release is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment,

financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."  *Hir*, 517 F.3d at 1086.  A court's finding that a defendant is a danger to any other person and the community must be supported by "clear and convincing evidence."  18 U.S.C. § 3142(f)(2).  The government bears the burden of showing a defendant is a flight risk by a preponderance of the evidence.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The Court has reviewed the filings in this case, including the Pretrial Services Report. The Court has also listened to a full audio recording of the detention hearing.  Having considered the record in this case, the Court concludes there is no condition or combination of conditions that will reasonably assure the safety of the community.

Defendant has a lengthy criminal history dating back to 2007, including two felony convictions for felon in possession of ammunition, a felony conviction for assault with a firearm on person, and a misdemeanor conviction for inflict corporal injury on spouse/cohabitant. Defendant also has a pending misdemeanor and felony case in Sacramento County Superior Court related to Obstructing a Police Officer.  Defendant was under pretrial supervision with the Sacramento County Probation Department at the time the alleged conduct in the instant case took place and committed the instant offense only seven days after being placed on supervision. Further, Defendant has engaged in a pattern of similar criminal activity, has gang affiliations, and has a history of substance abuse.

At the detention hearing before the magistrate judge on January 30, 2025, defense counsel argued Defendant's significant other and mother were willing to post bonds for him.  Defense counsel also indicated Defendant was willing to submit to location monitoring and other conditions of supervision.  In arguing he should be released, Defendant argued the allegations against him in the Complaint — limited to pages 22 and 23 of the Complaint — were insufficient to establish he was a knowing participant in the drug trafficking conspiracy.  Notably, defense

counsel did not raise arguments to address the concerns raised by the Government or the Pretrial Services Report about the danger Defendant poses to the community. Indeed, after hearing the parties' arguments, the magistrate judge stated,

> [Defendant] is charged with a federal Controlled Substances offense with presumption of detention, and the criminal history here shows repeated probation violations and repeated illegal conduct in a pattern that makes it very difficult for me to conclude that conditions of release in this case would keep [Defendant] from continuing in this behavior pattern, which is a danger to the community issue… and you haven't quite addressed that to my satisfaction, [defense counsel].

Despite expressing these concerns, and with no further explanation from defense counsel as to why these concerns were assuaged, the magistrate judge suddenly decided to release Defendant after a long pause on the record. Based on the record before the Court, the Court finds Defendant fails to rebut the presumption of dangerousness. Moreover, the Government has shown by clear and convincing evidence that Defendant poses a danger to the community and that no condition or combination of conditions will reasonably assure the safety of the community.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion to revoke (ECF No. 26), DENIES the Government's motion to stay (ECF No. 25) as moot, and REVOKES the magistrate judge's release order. The Clerk Office is ORDERED to issue a bench warrant for Defendant's arrest.

IT IS SO ORDERED.

DATED: January 31, 2025

_____
Troy L. Nunley
Chief United States District Judge