UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVON NELSON,

Defendant.

No. 2:25-cr-00026-DJC

ORDER

Pending before the Court is Defendant's Motion for Discovery. As part of a fifteen-count indictment, Defendant is alleged to have delivered more than 400 grams of a substance containing fentanyl to a confidential informant's car. Defendant now seeks to test 40 of 4,000 pills in the Government's possession, with each pill tested separately to ascertain whether there are pills in evidence that contain no fentanyl. The Magistrate Judge denied the motion, and Defendant now seeks review of that decision before the Undersigned. For the reasons discussed below, the Court GRANTS Defendant's Motion.

**BACKGROUND**

Defendant Devon Nelson is charged with violating 21 U.S.C. § 841(a)(1) for distribution of at least 400 grams of a mixture or substance containing fentanyl.

(Superseding Indictment (ECF No. 58) at 3.) In June 2024, Defendant is alleged to have provided Delvonta Fields (now deceased) 4,000 pills containing fentanyl which Fields then sold to a confidential informant who was working for law enforcement. (*Id.* at 3; Redacted Complaint (ECF No. 7) ¶¶ 69–75.) The Government subsequently performed some testing as to the chemical composition of the pills sold by Defendant. (Mot. (ECF No. 192) at 5; Opp'n (ECF No. 194) at 2.) The testing yielded the following results: (1) the total weight of the pills was 433 grams, and (2) after the Government chemist ground up a number of pills and tested the ground total substance for the presence of fentanyl, the 4000 pills were reported to contain approximately 9 grams of fentanyl, or about 2.07% fentanyl. (Mot. at 5.)

Defendant filed a motion for discovery before the Magistrate Judge seeking the testing of 40 of the 4,000 pills, with each pill tested separately to ascertain whether there are pills in evidence that contain no fentanyl. (Prior Mot. (ECF No. 173) at 1–2.) Defendant argued that the weight of the pills without fentanyl should be excluded from the total weight. (*Id.*) The Magistrate Judge denied Defendant's request, finding that he lacked the authority to order such discovery under Rule 16. (ECF No. 184.) Defendant then filed the instant Motion for Discovery, again seeking a court order directing the Government to individually test 40 pills of the 4,000 in evidence to determine whether each pill contains any amount of fentanyl, or alternatively, seeking to transport 40 pills to an independent crime lab for such individualized testing. The Government opposes the Motion. (Mot. at 1.) The Court held oral argument, and the matter is now fully briefed and ordered submitted. (ECF No. 205.)

## LEGAL STANDARD

Given the nature of the Defendant's arguments, the Court construes Defendant's Motion as seeking reconsideration of the Magistrate Judge's decision. Under the Local Rules of the Eastern District of California, a district judge reviewing a magistrate judge's pretrial order in both the civil and criminal contexts reviews such orders under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C.

§ 636(b)(1)(A). *See* L.R. 430.1(i); *United States v. Way,* No. 1:14-cr-00101-DAD-BAM, 2018 WL 2229272, at *10 (E.D. Cal. May 16, 2018), *aff'd,* 804 F. App'x 504 (9th Cir. 2020). "To conclude that a magistrate judge's decision is clearly erroneous, the district court must arrive at a definite and firm conviction that a mistake has been committed." *Way,* 2018 WL 2229272, at *10 (citations omitted).

## DISCUSSION

Defendant argues that under Federal Rule of Criminal Procedure 16, he is entitled to either (1) chemical testing by the government chemist, of forty individual pills from the 4,000 collected for the presence amounts of fentanyl; or (2) delivery of forty individual pills to a criminal defense lab chemist for individual testing of each pill for the presence of fentanyl. (Mot. at 1.) The Government opposes Defendant's request, primarily arguing that the remedy Defendant seeks is contrary to law. (Opp'n at 1.) As stated above, the Court is reviewing the Magistrate Judge's denial of Defendant's discovery request under the "clearly erroneous or contrary to law" standard.

Rule 16 "grants criminal defendants a broad right to discovery." *United States v. Stever,* 603 F.3d 747, 752 (9th Cir. 2010). Rule 16(a)(1)(E) provides that, upon a defendant's request, a defendant is entitled to discovery of documents and tangible things in the government's possession, custody, or control if "the item is material to preparing the defense[.]" Fed. R. Crim. P. 16(a)(1)(E). Rule 16 is "broader than *Brady*" because "[i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense." *United States v. Muniz-Jaquez,* 718 F.3d 1180, 1183 (9th Cir. 2013) (citing *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013).

To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality. *United States v. Mandel,* 914 F.2d 1215, 1219 (9th Cir. 1990) (citations omitted). "Materiality is a low threshold" and information "is material even if it simply causes a defendant to abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza,* 720 F.3d 760, 768 (9th Cir. 2013)

(internal quotation marks and citation omitted). Nevertheless, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir. 1995) (citations omitted).

Here, there is no dispute that the pills are in the Government's "possession, custody, or control." Fed. R. Crim. P. 16(a)(1). Rather, at oral argument, Government argues that Defendant failed to make a prima facie demonstration of materiality. The Court disagrees.

Defendant has been charged with distribution of more than 400 grams of fentanyl under section 841(a)(1). The Ninth Circuit has explained that where the amount of drugs "increase[s] the prescribed range of penalties to which a criminal defendant is exposed," that issue is an "element[ ] of the crime" that must be decided by a jury beyond a reasonable doubt. *United States v. Castro Alavez*, 167 F.4th 1056, 1062 (9th Cir. 2026) (citing *Alleyne v. United States*, 570 U.S. 99, 104 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Thus, the pills Defendant seeks to retest are central to the charge he faces. Presently, the Government has tested the pills, and the results yield a total weight of 433 grams. Defendant argues that a percentage of pills may not contain fentanyl, and a corresponding reduction in weight could result in a total weight under 400 grams. (Mot. at 2.) Given how close the Government's test results are to 400 grams, the very low percentage of fentanyl discovered, and the fact that the quantity of drugs is directly at issue as an element of the charged crime, Defendant has demonstrated that his ability to retest the pills is material. *See Muniz-Jaquez,* 718 F.3d at 1183 (explaining that "[e]ven inculpatory evidence may be relevant" because a "defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy [or] seek a plea agreement."). To the extent the Government argued at oral argument that most fentanyl cases involve low level transactions, the Government has not sufficiently

developed its argument such that the Court would find Defendant's request immaterial.

Further, the Court finds that it has the authority under Rule 16 to order the Government to allow the testing that Defendant requests, and the Magistrate Judge's conclusion to the contrary was clear error. The plain language of Rule 16(a)(1)(E) provides that a defendant may "inspect" tangible objects in the government's "possession, custody, or control." Although testing is not explicitly addressed, courts have understood Rule 16 to permit independent testing of forensic evidence, such as DNA evidence and drugs, where its prerequisites have been met. *See United States v. Bowers,* No. 18-cr-00292, 2022 WL 7602419, at *2 (W.D. Pa. Oct. 13, 2022) (collecting cases where district courts granted defendant independent testing and review of forensic evidence under Rule 16(a)(1)(E)); Documents and Tangible Objects, 5 Crim. Proc. § 20.3(g) n.125 (4th ed. 2025) ("[T]he right to 'inspect' generally is viewed as encompassing defense access for the purpose of conducting scientific testing where such testing will not interfere with the prosecution's use of the evidence or further prosecution testing."). More specifically, district courts in the Ninth Circuit have permitted defendants to independently test tangible objects in drug cases where materiality was established. *See e.g., U.S.A. v. McCormick,* No. 20-cr-346-DMG-3, 2026 WL 851371, at *1 (C.D. Cal. Mar. 25, 2026) (finding materiality and allowing independent testing of pills where defendant believed "that additional independent testing may result in material evidence because it will confirm the composition of the seized pills" and "whether the same chemicals in the pills or those chemicals' metabolites" were present in the victim's blood); *United States v. Kratzberg,* No. 2:18-cr-00262-KJM, 2021 WL 4147313 (E.D. Cal. Sept. 13, 2021) (affirming the magistrate judge's decision granting the production and re-testing of methamphetamine under Rule 16(a)(1)(E)(i) identified in the factual basis for defendant's plea).

Because the Court finds that Rule 16 has been satisfied, the Court finds that the Magistrate Judge's decision was clear error. Accordingly, the Court GRANTS Defendant's Motion for Discovery.

**CONCLUSION**

For the reasons discussed above, IT IS HEREBY ORDERED that Defendant's Motion for Discovery (ECF No. 192) IS GRANTED. The Government is ORDERED to permit individual testing of 40 pills for the presence of fentanyl. The Parties shall meet and confer and file a joint status report no later than August 18, 2026, with a proposed joint proposed protocol for the testing and examination of the pills discussed above. The protocol shall include a discussion of how chain of custody shall be preserved with respect to these items.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Nelson25cr00026.mja